IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,041-01






EX PARTE CARLOS GOMEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-06-301119-A IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child, and was sentenced to thirty years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because he did not speak any
English, because trial counsel did not translate or explain the plea agreement to Applicant, but
merely instructed him to sign and to respond affirmatively to the trial court when asked if he was
pleading guilty knowingly and voluntarily, and because the trial court never directly addressed
Applicant to determine whether he understood the nature and consequences of the plea. Applicant
also alleges that neither trial counsel nor the trial court explained to him the immigration
consequences of his plea. Although the plea papers contain acknowledgments by Applicant that he
understood the nature and consequences of his plea, Applicant alleges that he did not understand the
documents, and that they were never translated or explained to him.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall obtain
an affidavit from trial counsel responding to Applicant's allegations of ineffective assistance of
counsel. The trial court may also use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a transcript of the plea
proceedings in this case. The trial court shall then make findings of fact and conclusions of law in
regard to Applicant's claim that his plea was involuntary. The trial court shall make specific
findings as to whether Applicant was correctly admonished as to the immigration consequences of
his plea in this case, and as to whether the plea admonishments were translated to Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: October 31, 2012

Do not publish